**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 16, 2007**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| EVANS P. WEAVER, | § | CASE NO. 04-14279-FRM |
|     Debtor. | § | Chapter 7 |
| | § | |
| RONALD INGALLS, TRUSTEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 06-1236 |
| | § | |
| KATHLEEN CUNNINGHAM, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS
### CLAIM FOR RELIEF FOR USURY IN PLAINTIFF'S FIRST AMENDED COMPLAINT

On October 3, 2007, the Court held a hearing on the Defendant's Motion to Dismiss Claim for Relief for Usury in Plaintiff's First Amended Complaint under R. 41, F.R. Civ. P., filed August 13, 2007 (Doc. # 23). Plaintiff filed his response to said motion on August 16, 2007 (Doc. #25). Both parties, represented by counsel, appeared at the hearing.

Defendant Cunningham moves for dismissal of Plaintiff Trustee's "counterclaim for usury" made in Plaintiff's First Amended Complaint on two grounds. First, Defendant asserts that Plaintiff has wrongly cast himself as a defendant asserting a counterclaim for usury, when in fact, Plaintiff is the plaintiff in this suit. If Plaintiff desires to assert usury, Defendant argues Plaintiff should do so as a direct claim for relief against Defendant. Second, no matter how the alleged claim is brought, Defendant asserts that any claim for usury is barred due to Plaintiff's failure to comply with Texas Finance Code § 305.006(b) in that Plaintiff failed to give Defendant the required notice and right to cure the alleged usury violation, thus preventing pursuit of this claim.

Plaintiff argues that because the parties have agreed to try the merits of Defendant's claim filed in the bankruptcy case, with such claim being the functional equivalent of a complaint by Defendant, Plaintiff, now in the position of a defendant, can assert a counterclaim in response to the merits of the claim. Plaintiff argues that because the counterclaim arises out of the same note and written agreement and loan transactions that form the basis of Defendant's claim, he must bring the counterclaim now because it is compulsory under Federal Rules of Bankruptcy Procedure 7013. Plaintiff asserts that case authority supports this procedure.

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represents the Court's findings of fact and conclusions of law made pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

Findings of Fact

1. Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 19, 2004 and converted the case to a chapter 7 on July 11, 2005.

2. Defendant filed her proof of claim on November 19, 2005, asserting a claim for $37,500 secured and $51,780 unsecured nonpriority, for a total of $89,280 plus interest. This is the claim giving rise to the alleged usury claim.

3. On April 24, 2007, Plaintiff filed his Motion for Leave to File First Amended Complaint, to which Defendant filed a response on May 4, 2007. The parties' agreed order on this motion was entered on July 9, 2007. The terms of this agreed order preserved the right of Defendant to challenge, as she has in this motion to dismiss, Plaintiff's counterclaim for usury. The agreed order also determined that "plaintiff's objection in its complaint to the defendant's proof of claim shall be determined in conjunction with the final resolution of any other claims/counterclaims that are the subject of the plaintiff's complaint."

4. Defendant filed an Amended Proof of Claim on May 4, 2007 for the unsecured amount of $32,041.66. In the amended claim, for the three loans at issue, Defendant waives provisions that she describes could be construed as usurious and deletes all claims for money related to such provisions.

5. Plaintiff's First Amended Complaint was filed on July 13, 2007.

6. Thereafter, Defendant filed the pending motion to dismiss the counterclaim for usury, and Plaintiff responded in opposition to said motion to dismiss.

Conclusions of Law

Plaintiff asserts that because the alleged claim for usury arose in 2004, the date of the loan

transactions at issue, his counterclaim for usury is not affected by the change to Texas Finance Code § 305.006, specifically, the amendment to § 305.006(d) effective September 1, 2005. Plaintiff argues that the pre-September 2005 version of the statute applies here. Prior to this amendment, § 305.006(d) specifically stated that the notice and cure provisions contained in §§ 305.006(b) and (c) did not apply to "a defendant filing a counterclaim action alleging usurious interest in an original action by a creditor." After the September 2005 amendment, a defendant filing a counterclaim in an original action by a creditor must first provide notice and a 60-day opportunity to the creditor to correct the violation, and if corrected, the creditor avoids liability.

The Court could find no case decision determining the application of § 305.006(d). However, the Court need not decide whether the original or amended version of this subsection applies because the wording of neither version fits the situation presented. Both the original and amended versions refer to a defendant filing a counterclaim for usury in an original action by a creditor. The creditor, Defendant, did file a proof of claim in the bankruptcy case; however, this filing of a claim is not an "original action" within the meaning of this subsection. Plaintiff brought the original action, this adversary proceeding. Plaintiff's procedure by which he amended his complaint to add the objection to the claim is sufficient. ***See In re Kelton Motors Inc.***, 121 B.R. 166, 183 -184 (Bankr. D. Vt. 1990) ("All Trustee has to do is simply amend its Amended Complaint to join an objection to USAC's and Dartmouth's proof of claims, or, alternatively, object to their proof of claims and a file a new adversary proceeding with the same or similar counts."). Subsection 305.006(d) does not apply, instead, §§ 305.006(b) and (c) apply.

"Statutory interpretation is a matter of law." ***Howard v. East Texas Baptist University,*** 122 S.W.3d 407, 410 (Tex. App.-Texarkana 2003, no pet.). "[I]t is cardinal law in Texas that a court

construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms.*" In re CPDC, Inc.*, 337 F.3d 436, 442 (5th Cir. 2003) (quoting *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex.1999) (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482, 484 (Tex.1998))), *see also* Tex. Gov't Code Ann. § 312.002(a) (Vernon 2005) ("words should be given their ordinary meaning"). Thus,"[t]he primary rule in statutory interpretation [is] that a court must give effect to legislative intent." *In re CPDC, Inc*. 337 F.3d at 446 (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex.2000) (citing *Tex. Gov't Code Ann*. § 312.005 (Vernon 1998)[1])). "The Texas legislature intended cure provisions in the usury statute to encourage self-correction by lenders of known usury violations so that they could avoid being sued." *Id.* (citing *Jim Walter Homes, Inc. v. Gibbens*, 608 S.W.2d 706, 712 (Tex. Civ. App.-San Antonio 1980, writ ref'd n.r.e.)).

A bankruptcy court, dealing with the ability of a creditor to correct a usury violation within 60 days of the creditor's discovery of it pursuant to Texas Finance Code § 305.103, noted that "[t]he procedure under which lenders may avoid liability for a usurious transaction through the issuance of a correction letter is a relatively new concept in Texas and represents a dramatic shift from prior law. The first correction statute was adopted in 1993 in a stated attempt to moderate the nature of Texas usury laws which were viewed by business interests as unusually harsh." *In re Kemper*, 263 B.R. 773, 782-783 (Bankr. E.D. Tex. 2001). The *Kemper* court noted that should a creditor never discover nor acknowledge a usury violation, or take corrective action under § 305.103, the creditor

---

[1] This Government Code subsection remains the same today, requiring that "a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." *Tex. Gov't Code Ann*. § 312.005 (Vernon 2005).

5

is given another opportunity to avoid liability under § 305.006, a section added to the Texas Finance Code in 1999. *Id.* at 784. Section 305.006, now "offers an offending party yet another opportunity to escape liability for a usury violation by issuing a post-notice correction under the provisions of Tex. Fin. Code § 305.006(c)." The court noted that this added statute releases the offending party from the strict time requirements otherwise imposed by § 305.103(a), if after receipt of the mandatory written notice of the violation from the obligor required by § 305.006(b), the creditor corrects the violation and thereby removes liability. *Id.* The court noted that another section added in 1999, § 305.007, removes any claim for common law penalties for usury, thus, the only penalties remaining available are set forth in chapter 305. *Id.*

A Texas state court has considered nearly the same issue. ***Sotelo v. Interstate Fin. Corp.***, 224 S.W.3d 517, 519-20 (Tex. App.-El Paso 2007, no pet.). The ***Sotelo*** court determined whether, despite a creditor's failure to timely act under § 305.103, which gives the creditor 60 days to act from the date of discovery of the violation, the creditor could still be relieved from liability by complying with §§ 305.006 (b) and (c). *Id.* Although § 305.006(b) does not specifically so allow, the trial court had abated the suit to allow the plaintiff obligor to send notice of the usury claim to the creditor under § 305.006(b), and less than 60 days thereafter, the creditor sent a corrective letter deleting all allegedly usurious amounts. *Id.* at 519. The obligor argued that, despite the existence of the § 305.006 subsections, the creditor was still liable because of its failure to take corrective action by the deadline stated in § 305.103, or 60 days from the date it was put on notice of the usury claim by the filing of her amended petition making said claim. *Id.* The court disagreed with the obligor, and allowed the creditor to take advantage of the § 305.006 alternate method of correcting a usury violation. *Id.* at 521. The ***Sotelo*** court stated:

>   Our primary goal when construing a statute is to ascertain and give effect to the Legislature's intent. We begin by construing statutes as written and, if possible, ascertain intent from the statutory language. We may also consider other factors such as the object the statute seeks to obtain, legislative history, and the consequences of a particular action. In addition, we must always consider a statute as a whole and attempt to give effect to all of its provisions.
>
>   When we apply these principles of statutory construction, IFC's February 16, 2005, correction letter was effective under section 305.006. By the plain language of the statute, a creditor has sixty days, "beginning on the date the notice is received," in which to effect a correction. It is also our opinion that the Legislature's goal in enacting these provisions was to encourage creditors to amend usurious contracts in the borrower's favor. In a case where the creditor unilaterally discovers that a promissory note is usurious, the correction can be made under section 305.103. In a case where the borrower discovers the excessive interest and intends to file suit, the creditor can correct under section 305.006 after the borrower sends the required notice and before he files suit.

*Id.* at 522 (internal citations omitted).

The court noted that any other decision would render the § 305.006 sections ineffective and would relieve an obligor of his mandatory requirement to notify the creditor and provide the opportunity of correction. *Id.* Additionally, because "[t]he Texas usury statutes impose often draconian penalties upon those creditors who violate them, [p]resumably, the Legislature's purpose behind such penalties was not to award unwarranted "windfalls" to fortuitous debtors or to unfairly penalize well-intentioned creditors for careless or unknowing mistakes . . . but rather to dissuade unscrupulous creditors from charging usurious rates in the first instance. We believe that our construction of the relevant statutes effectuates this goal." *Id.* at 522 n.7.

Here, the applicable provisions are §§ 305.006(b) and (c). Following the procedure set forth in § 305.005(b), the obligor, Plaintiff, filed suit against the creditor, Defendant, and did not include a claim for usury. Plaintiff later moved for leave to amend his complaint to add the usury counterclaim. This motion for leave to amend provided notice to Defendant of the alleged usury

violation and started the 60-day period for Defendant to take correction action. Less than two weeks later, Defendant corrected the violation by filing an amended claim deleting all allegedly usurious amounts and claims. Pursuant to § 305.006(c), Defendant is not liable to Plaintiff for any alleged usury violation.

The Fifth Circuit has specifically stated that the filing of an amended proof of claim to seek less money and to exclude the alleged usurious provisions is sufficient to defeat a usury claim. ***In re CPDC, Inc.***, 337 F.3d at 445. The Fifth Circuit stated:

> We have previously held that amending a pleading to delete a claim that is alleged to constitute a usurious charge of interest precludes usury liability based on the filing of the allegedly usurious claim. There is no reason to treat the amendment of a proof of claim filed in a bankruptcy proceeding any differently from a claim filed as part of a complaint in a civil proceeding for purposes of the Texas usury statute.

***Id.*** (citing to ***Gibraltar Sav. v. LDBrinkman Corp.***, 860 F.2d 1275, 1296 (5th Cir.1988)).

Accordingly, Defendant's Motion to Dismiss Claim for Relief for Usury in Plaintiff's First Amended Complaint under R. 41, F.R. Civ. P. will be granted. An Order consistent with this Memorandum Opinion will be entered simultaneously on the docket.

# # #